FILED
OCTOBER 26, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

_____

| | |
|---|---|
| R. WAYNE JOHNSON, PRO SE, § | |
| TDCJ-CID No. 282756, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:09-CV-0169 |
| § | |
| PAUL SLOAN, G. GLENN, D. GLENN, § | |
| K. HOLT, D. DAVIS, R. STONE, § | |
| D. DENTON, K. RICHERSON, B. CLARK, § | |
| J. BROWN, JOHN ADAMS, M. MAES, § | |
| M. ERWIN, N. FLORES, G. GRANATE, § | |
| S. PAUL, H. ARIAS, and J. BAKER, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff R. WAYNE JOHNSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed an Amended Complaint pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants. Plaintiff paid the filing fee and is not proceeding in forma pauperis.

By his October 22, 2009 Amended Complaint, plaintiff complains defendants SLOAN, ADAMS, BAKER, CLARK, and RICHERSON operate or assist other in the operation of "void mail rules BP 03.91. Crimes." Plaintiff further alleges the defendants "use BP.03.91 to annul a Article III Judgment, the 1983-Mail Consent Decree. PG-13-17 written suit. These executives invade province of judiciary - and supersede Art. III judgments to charge illegally for postage

and mail crimes are committed. 1983 - Decree 71-H-570." Plaintiff makes no mention of the remaining defendants, G. GLENN, D. GLENN, K. HOLT, D. DAVIS, R. STONE, D. DENTON, J. BROWN, M. MAES, M. ERWIN, N. FLORES, G. GRANATE, S. PAUL, and H. ARIAS.

By his request for relief, plaintiff asks that the defendants "be ordered to adhere to 1983 consent decreed, pay damages for denying all mail rights under consent decree."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A. The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Plaintiff appears to be arguing prison officials are violating a consent decree regarding prisoner correspondence reached in 1983 in cause no. 71-H-570, more properly, No. H-71-570. Plaintiff is citing the settlement decree in *Guajardo v. Estelle*, 568 F.Supp. 1354 (S.D. Tex. 1983).

Plaintiff has not alleged any fact showing he, himself, has been harmed by the alleged wrongful acts and, for that reason alone, his claim merits dismissal for failure to state a claim.

However, even without requiring plaintiff to show harm, his claim is clearly frivolous. A remedial court order alone, apart from independent constitutional grounds affirmed in that order, cannot serve as the substantive basis for a claim of damages under section 1983; such orders do not create rights, privileges or immunities secured by the constitution and/or by statute. *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986). A mere violation of regulation or policy, without more, does not constitute a deprivation of constitutionally protected rights. *See, Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

In any event, the *Guajardo* consent decree was modified by stipulation on several occasions and, in September 2002, was terminated by the district court having jurisdiction in that case. On appeal, that termination was affirmed by the United States Court of Appeals for the Fifth Circuit in *Guajardo v. Texas Dept. of Criminal Justice*, 363 F.3d 392 (5th Cir. 2004).

Plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to the defendants plaintiff listed in the style of his Amended Complaint but has not mentioned in its body, plaintiff has not alleged a claim of any sort against them and, therefore, has failed to state a claim.

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff R. WAYNE JOHNSON is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED and WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail.  The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

SIGNED AND ENTERED this 26th  day of October, 2009.

/s/ MARY LOU ROBINSON
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE